IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| COREY STRIPLING, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 12-5078-CV-SW-ODS-SSA ) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION DENYING BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his application for disability and supplemental security income benefits. The Commissioner's decision is reversed and remanded for further proceedings.

An administrative hearing was held on June 16, 2010. R. 30. Plaintiff testified that his job as a cashier ended because of leg pain. R. 33-34. The administrative law judge ("ALJ") stated that he would order a neurological consultative exam to evaluate Plaintiff's neurological conditions and to evaluate his leg. R. 43. The ALJ also discussed the possibility of obtaining an opinion from a speech therapist. R. 43. Instead, the ALJ (1) ordered an orthopedic consultative examination, which produced a diagnosis of probable cerebral palsy with primarily speech impediment and (2) did not refer Plaintiff to a neurologist or speech therapist.

The Record suggests some probable neurological disorders. On October 16, 2008, Dr. Whitten diagnosed Plaintiff with multiple disorders including probable dementia or failure to develop multiple brain systems due to unknown causes. R. 265. On October 3, 2009, and November 1, 2009, Plaintiff went to the emergency room ("ER") with leg pain. R. 287-300. The ER physician diagnosed Plaintiff with congenital myasthenia, a disease affecting the transmission of nerve signals to the muscles. R.

287, 323. The medical records also refer to possible fetal alcohol syndrome as a cause of mental retardation. R. 287. Unfortunately, the ALJ failed to develop the Record or discuss Dr. Whitten's diagnosis of probable dementia in his written opinion. The ALJ's opinion does not discuss whether Plaintiff suffered from a neurological disorder, although the ALJ recognized the need to send Plaintiff for a neurological consultative examination. The Court is not permitted to independently examine the issue and come to a conclusion on its own. *E.g., Securities and Exchange Commission v. Chenery Corp.*, 318 U.S. 80, 88 (1943); *Banks v. Massanari*, 258 F.3d 820, 824 (8th Cir. 2001). First, the case must be remanded to permit the ALJ to develop the Record and make factual findings regarding Plaintiff's claim that his functional capacity was affected by neurological disorders including congenital myasthenia and probable dementia. Second, on remand, the record must be developed with respect to Plaintiff's speech deficiencies. Plaintiff clearly has problems—Plaintiff has a speech impediment and portions of his testimony are described as unintelligible, which hinders this Court's ability to conduct a meaningful review. Finally, there is not substantial evidence in the Record to support the ALJ's credibility determination. The administrative hearing was short, undoubtedly because consultative examinations would be ordered after the hearing took place. Inasmuch as a new hearing will be necessary on remand, the ALJ is directed to re-evaluate Plaintiff's credibility.

      The Record's shortcomings do not conclusively show that Plaintiff is disabled. Accordingly, the Commissioner's final decision denying Plaintiff's application for disability and supplemental security income benefits must be reversed and remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: May 15, 2013    UNITED STATES DISTRICT COURT